UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DIVONE ANTOINE RICE,

        Petitioner,               Case No. 1:20-cv-955

v.                                        Honorable Hala Y. Jarbou

RANDEE REWERTS,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the amended petition (ECF No. 7) must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

**I.        Factual allegations**

Petitioner Divone Antoine Rice is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County,

Michigan.  On May 24, 2017, following a three-day jury trial in the Kent County Circuit Court, Petitioner was convicted of perjury, in violation of Mich. Comp. Laws § 767A.9, two counts of armed robbery, in violation of Mich. Comp. Laws § 750.529, and use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b.  On June 26, 2017, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent prison terms of 15 to 50 years for perjury, 23 to 50 years for one count of armed robbery, and 5 to 20 years for the second count of armed robbery.  Those sentences were to be served consecutively to a sentence of 2 years for felony-firearm.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> A couple were walking in the Alger Heights area of Grand Rapids when approached by an individual who grabbed the wife, held a gun to her head, and demanded her purse.  A second individual was at the nearby intersection serving as a lookout.  As the first assailant was running off with the purse, he turned and shot the husband in the abdomen.  The two assailants ran off on foot; the victims were able to flag down a passing car and police dispatch was called.  The shooting victim identified defendant at trial as one of the assailants.

*People v. Rice*, Nos. 339247, 339266, 2018 WL 3998759, at *1 (Mich. Ct. App. Aug. 21, 2018). Petitioner was questioned regarding the incident pursuant to an investigative subpoena.  He denied any involvement.

Petitioner describes the trial testimony in more detail.  (Pet'r's Br., ECF No. 8, PageID.86-91.)  Both victims reported that one man waited at the corner serving as a lookout.  The man who was shot identified the lookout as Petitioner.  Mary Rogers testified that she was in a white van with Moore and Petitioner the night of the robbery.  Moore and Petitioner discussed "hitting a lick"—committing a robbery.  Rogers knew that Moore had a gun. Petitioner was attempting to set up a robbery of a drug dealer by telephone when Moore directed Rogers to stop the vehicle.  Moore and Petitioner hopped out and returned a few minutes later with a purse.  Bakari

2

Dixon testified that he had a discussion with Petitioner about the robbery while both were in the county jail. Dixon reported that Petitioner told Dixon that Petitioner hoped Moore "wouldn't tell on him." (*Id.*, PageID.91.)

Petitioner, with the assistance of counsel, directly appealed his convictions and sentences to the Michigan Court of Appeals. Petitioner raised several issues in the brief he filed with the assistance of counsel. (Pet., ECF No. 1, PageID.2.) He raised more in a *pro per* supplemental brief. (*Id.*, PageID.3-4.) The court of appeals denied relief by opinion issued August 21, 2018. *People v. Rice*, No. 339247, 339266, 2018 WL 3998759 (Mich. Ct. App. Aug. 21, 2018).

Petitioner then filed a *pro per* application for leave to appeal to the Michigan Supreme Court, raising the issues he raised in the court of appeals plus three new issues. (Pet., ECF No. 1, PageID.6-7.) The supreme court denied leave by order entered July 2, 2019. People v. Rice, 929 N.W.2d 335 (Mich. 2019). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (Pet., ECF No. 1, PageID.5.)

On September 28, 2020, Petitioner timely filed his habeas corpus petition raising six grounds for relief, as follows:

> I. Petitioner's right to due process and a fair trial were violated when he was denied a separate trial and two unrelated offenses were improperly joined resulting in unfair prejudice.
>
> II. The evidence presented against Petitioner was legally insufficient to prove beyond a reasonable doubt that he aided and assisted in the robbery or felony firearm charge, nor was it sufficient to establish identification.
>
> III. Petitioner was denied a fundamentally fair trial when the trial court allowed the prosecutor to inform the jury that he was in jail in the God-Pod before being arrested for the current offense.
>
> IV. The prosecutor denied Petitioner due process and a fair trial when he made repeated indirect and even a direct reference to Petitioner's refusal to testify in violation of Petitioner's Fifth Amendment privilege against self-incrimination.

> V. Petitioner was denied his Sixth Amendment right to be present at a "critical-stage" of the criminal proceedings.
>
> VI. Petitioner was denied the Sixth Amendment right to the effective assistance of counsel when his trial counsel failed to object to his right to be present at "critical stages" of the trial and for failing to object to comments made by the prosecutor on his right to remain silent.

(*Id.*, PageID.10-13.) The Court ordered Respondent to answer the petition.

On November 20, 2020, Petitioner, with leave of court, filed his first amended petition. (ECF No. 7.) By way of his amended petition, Petitioner eliminated habeas issues III-VI, leaving only the issues identified as I and II above. Moreover, with regard to the sufficiency of the evidence claim raised as habeas issue II, Petitioner dropped the claim that the evidence was not sufficient to establish identification. Although resolution of all six issues raised in the initial petition required the state court record, the two issues raised in the amended petition are amenable to resolution without the entire record. Therefore, the Court will vacate the October 6, 2020, order to answer the petition. (ECF No. 2.)

## II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here

5

the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

**III.   Discussion**

    **A.   Separate trials**

Petitioner contends that his right to due process and a fair trial were violated when the trial court refused to sever the prosecution of Petitioner for armed robbery from the prosecution of Petitioner for perjury. Instead, both charges were tried in one trial before one jury.

The Michigan Court of Appeals resolved Petitioner's challenge as follows:

The principles related to joinder in criminal cases were reviewed by this Court in *People v. Gaines*, 306 Mich. App. 289, 304-305, 856 N.W.2d 222 (2014):

> Whether joinder is appropriate is a mixed question of fact and law. *People v. Williams*, 483 Mich. 226, 231, 769 N.W.2d 605 (2009). "To determine whether joinder is permissible, a trial court must first find the relevant facts and then must decide whether those facts constitute 'related' offenses for which joinder is appropriate." *Id*. This Court reviews a trial court's factual findings for clear error and its interpretation of a court rule, which is a question of law, de novo. *Id*. However, the ultimate decision on permissive joinder of related charges lies "firmly within the discretion of trial courts." See *People v. Breidenbach*, 489 Mich. 1, 14, 798 N.W.2d

738 (2011).  This Court reviews de novo questions of constitutional law. *People v. Harper*, 479 Mich. 599, 610, 739 N.W.2d 523 (2007).

MCR 6.120 provides, in relevant part:

> (B) Postcharging Permissive Joinder or Severance.  On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in subrule (C), the court may join offenses charged in two or more informations or indictments against a single defendant, or sever offenses charged in a single information or indictment against a single defendant, when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense.
>
>> (1) Joinder is appropriate if the offenses are related.  For purposes of this rule, offenses are related if they are based on
>>
>>> (a) the same conduct or transaction, or
>>>
>>> (b) a series of connected acts, or
>>>
>>> (c) a series of acts constituting parts of a single scheme or plan.
>>
>> (2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.
>>
>> (3) If the court acts on its own initiative, it must provide the parties an opportunity to be heard.

Defendant argues that the charges had to be severed because they are unrelated. But this argument is disingenuous.  The perjury charge was, in fact, directly related to the robbery charge.  That is, defendant was accused of perjuring himself while answering questions under oath, pursuant to an investigative subpoena, regarding the robbery itself.  We are not persuaded by defendant's argument that the two charges are unrelated because he was being interrogated as a potential witness rather than as a potential suspect.

Moreover, defendant's additional argument that the perjury charge would have been difficult to prove without joining it with the robbery charge actually weakens defendant's position rather than strengthens it.  Because the perjury charge relates to defendant's statements regarding the robbery, even if the charges were tried separately, evidence of defendant's participation in the robbery would have been

7

>admitted in order to prove that his statements made under the investigative subpoena were false. That is, the separate trials likely would have both looked much like the combined trial did. And, of course, if the jury were to conclude that defendant was being truthful in his answers made under the investigative subpoena, they would have acquitted him of the perjury charge and, presumably, on the robbery charge as well.
>
>In sum, the charges are related under the court rule. And there is a lack of any meaningful prejudice to defendant, while wasting resources with two separate trials. We are satisfied that the trial court did not abuse its discretion in denying the motion to sever.

*People v. Rice*, 2018 WL 3998759, at *1-2.

To the extent Petitioner argues that the state court misapplied its own law regarding the propriety of joining the armed robbery and perjury charges, he fails to state a claim cognizable on habeas review. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). *See also Thomas v. Stephenson*, 898 F.3d 693, 700 n.1 (6th Cir. 2018) (same).

Petitioner attempts to construct a federal due process argument on the foundation of *United States v. Lane*, 474 U.S. 438 (1986). (Pet'r's Br., ECF No. 8, PageID.97.) In *Lane*, the Court stated that "[i]mproper joinder does not, in itself, violate the Constitution[; r]ather,

8

misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id*. 474 U.S. at 446 n.8. *Lane*, however, and specifically that quoted language from *Lane*, does not provide a particularly firm foundation for a habeas claim. The Sixth Circuit Court of Appeals has held that the quoted language is "dicta only" and does not "clearly establish anything" for purposes of habeas review. *Mayfield v. Morrow*, 528 F. App'x 538, 542 (6th Cir. 2013); *see also Tighe v. Berghuis*, No. 16-2435, 2017 WL 4899833, at *2 (6th Cir. Apr. 21, 2017) ("We have stated that *Lane*'s severance language is dicta and therefore does not constitute clearly established federal law for § 2254(d) purposes.").

Petitioner also cites *Corbett v. Bordenkircher*, 615 F. 2d 722 (6th Cir. 1980) to support his claim. The *Corbett* decision, however, notes that there is a dearth of authority on the constitutional limits of joinder or severance in this context:

> It should be pointed out that the issue before this court, of course, is not whether the failure to sever these counts for trial was a violation of a rule of procedure (state or federal); rather the issue is whether the failure to sever denied to Corbett due process of law under the Fourteenth Amendment. Although there are many federal district court decisions applying the severance rules contained in the Federal Rules of Criminal Procedure and although there are many federal courts of appeal decisions, exercising supervisory powers, interpreting those same rules, there are few federal decisions dealing directly with the issue of due process as applied to severance of counts for trial under the Fifth Amendment in the federal courts or under the Fourteenth Amendment in the state courts. We therefore believe it would be helpful, initially, to examine how the problem has been dealt with other than as a constitutional question but by courts that of necessity implicitly recognized that due process sets the outer perimeters of permissible joinder of counts for trial.

*Corbett*, 615 F.2d at 724. The *Corbett* court reviewed several decisions, but ultimately concluded that, even though it might be able to conceive of a case "where joinder of counts for trial could be so egregiously prejudicial as to constitute a denial of due process," it did not find such a case and Corbett's case certainly did not rise to that level.

Petitioner cites *Davis v. Coyle*, 475 F. 3d 761 (6th Cir. 2007) to support his claim. In *Davis*, the Sixth Circuit acknowledged some potential for prejudice where the jury might, because of the joinder, hear evidence it might not otherwise hear. Nonetheless, even that potential prejudice was not enough to create a due process violation: "'This type of prejudicial effect is acknowledged to inhere in criminal practice, but it is justified on the grounds that (1) the jury is expected to follow instructions in limiting this evidence to its proper function, and (2) the convenience of trying different crimes against the same person . . . in the same trial is a valid governmental interest.'" *Davis*, 475 F.3d at 778 (quoting *Spencer v. Texas*, 385 U.S. 554, 563 (1983)). Moreover, even that potential—but insufficient—prejudice is not present in Petitioner's case. The Michigan Court of Appeals determined that even if Petitioner's charges had been separated into two trials, the evidence of the perjury would have come in at the armed robbery trial and the evidence of the armed robbery would have come in at the perjury trial. Therefore, the jury in Petitioner's case did not hear any evidence it would not have heard if the trial had been severed.

Petitioner has failed to demonstrate that the Michigan Court of Appeals' rejection of his due process claim is contrary to, or an unreasonable application of clearly established federal law. Indeed, he has failed to establish any prejudice at all resulting from the joinder of the charges in one trial that he would not have faced if the court had severed the matter into two trials. Accordingly, Petitioner is not entitled to habeas relief on this claim.

## IV.   Sufficiency of the evidence

Petitioner, by way of the appeal brief he filed with the assistance of counsel and his pro per brief, raised three distinct sufficiency issues: the evidence was insufficient to establish identification; the evidence was insufficient to establish that he aided and abetted armed robbery; and the evidence was insufficient to establish that he aided and abetted the felony-firearm violation. Only the last two of these issues remain in the amended petition.

10

A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

The *Jackson v. Virginia* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "the law commands deference at two levels in this case:  First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan Court of Appeals' consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008). This standard erects "'a nearly insurmountable hurdle'" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2008) (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

The Michigan Court of Appeals resolved Petitioner's challenges under the following standard:

11

> "In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.  *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).  A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses.  *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992).  Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime.  *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).  The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant.  *People v Nowack,* 462 Mich 392, 400; 614 NW2d 78 (2000).  We resolve all conflicts in the evidence in favor of the prosecution.  *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008)."

*People v. Rice*, 2018 WL 3998759, at *3 (quoting *People v. Mikulen*, 919 N.W.2d 454, 459 (Mich. Ct. App. 2018)).  Applying that standard, the court of appeals concluded the evidence was sufficient:

> [D]efendant's argument . . . is merely a disagreement with the conclusion reached by the jury.  Defendant argues that the evidence, at most, merely places defendant at the scene of the crime, not that he acted in concert with Moore[, the gunman,] to actually commit the crime.  But that overlooks Rogers' testimony regarding defendant's behavior and, more to the point, the discussion between Moore and defendant to commit an armed robbery.  It also overlooks Dixon's testimony that defendant was concerned that Moore would "tell on me."  In short, looking at the evidence in the light most favorable to the prosecution, the jury could conclude that defendant fully participated in the crimes.

*People v. Rice*, 2018 WL 3888579, at *6.

Petitioner contends that the evidence identified as sufficient by the court of appeals was "too speculative." (Pet'r's Br., ECF No. 8, PageID.107.)  Petitioner claims that his discussion with Moore regarding committing an armed robbery of a drug dealer does not establish that Petitioner intended to commit such an armed robbery of a couple walking down the street. Essentially, Petitioner argues that it was not reasonable for the jury to infer from his presence at the crime scene and the testimony of the victim, Rogers, and Dixon, that Petitioner intended to aid

and abet the robbery of the victims or Moore's use of a firearm to accomplish the robbery. Petitioner is simply wrong.

Evidence presented to establish the existence of the elements of a crime is often circumstantial. "[W]e have never questioned the sufficiency of circumstantial evidence in support of a criminal conviction, even though proof beyond a reasonable doubt is required." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003). "And juries are routinely instructed that '[t]he law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.'" *Id.* (alteration in original) (quoting 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions: Criminal* § 12.04 (5th ed. 2000)). *See also Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (upholding state-court's determination that "'circumstantial evidence and the reasonable inferences it engenders are sufficient to support a conviction . . . .'") (quoting *People v. Smith*, 2009 WL 3837414, at *4 (Mich. Ct. App. Nov. 17, 2009) (per curiam)).

Moreover, in *Coleman v. Johnson*, 566 U.S. 650 (2012), the Supreme Court provided guidance "in determining what distinguishes a reasoned inference from 'mere speculation.'" *Id*. at 655. The Court described a reasonable inference as an inference that a rational jury could make from the facts. The inference need not be compelled by those facts; it must simply be rational. *Id*. at 656. As a result, to succeed in his challenge, Petitioner must show that the identified inference is irrational.

Petitioner has not made that showing. Certainly, the inferences identified by the court of appeals—that Petitioner knew Moore had a firearm and intended to assist Moore by serving as a lookout while Moore robbed the couple—could rationally flow from the totality of the underlying facts. His argument that other inferences might follow from the evidence—

inferences that favor him—is immaterial. Petitioner has not identified any United States Supreme Court case that resolves the issue differently on a set of materially indistinguishable facts. Moreover, he has failed to overcome the double deference owed to the state-court's application of the facts to the *Jackson* standard. *Tucker*, 541 F.3d at 656. Accordingly, Petitioner is not entitled to habeas relief on his sufficiency-of-the-evidence claims.

## V.      Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner

a certificate of appealability.  Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:   December 3, 2020                         /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  UNITED STATES DISTRICT JUDGE